**In re Harvey L. STOLP, Debtor.**

**Joan STOLP, Plaintiff,**

**v.**

**Harvey L. STOLP, Defendant.**

**Bankruptcy No. LU7–88–01466.
Adv. No. 88–0176–7.**

United States Bankruptcy Court,
W.D. Wisconsin.

May 23, 1990.

John P. Stuber, Sauer, Becker, Flanagan & Lynch, Ltd., La Crosse, Wis., for plaintiff.

Roger W. LeGrand, La Crosse, Wis., for defendant.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

### PROCEDURAL POSTURE

This case comes before the Court pursuant to Bankruptcy Rule 7001 on a complaint filed by Joan Stolp ("Plaintiff") against Harvey L. Stolp ("Debtor") for a declaratory judgment excluding the Plaintiff's interest in the Debtor's military pension from the bankruptcy estate under 11 U.S.C. § 541 or excepting the Plaintiff's claim from discharge under 11 U.S.C. § 523(a)(5) as an obligation in the nature of support. The parties stipulated to the facts and submitted briefed arguments to the Court. The Court has jurisdiction under 28 U.S.C. § 1334. John P. Stuber, of Sauer, Becker, Flanagan & Lynch, Ltd., represents the Plaintiff; Roger W. LeGrand represents the Debtor.

### ISSUE

Whether the Plaintiff's award of one half of the Debtor's military pension, pursuant to the order of the District Court of Comanche County, Oklahoma, modifying the parties' decree of divorce, constitutes property of the estate under 11 U.S.C. § 541.

### FACTS

On October 3, 1986, the District Court of Comanche County, Oklahoma, granted a divorce to the Plaintiff and the Debtor. The divorce decree provided that the Debtor "should pay to the [Plaintiff] support alimony in the total of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), payable at the rate of FIVE HUNDRED DOLLARS ($500.00) per month for SIX HUNDRED (600) months and due on the first day of each month following the date of the Decree of Divorce."

On March 23, 1988, the District Court of Comanche County, Oklahoma, modified the above divorce decree to provide:

... that the Decree of Divorce issued heretofore on the 3rd day of October, 1986 IS MODIFIED by deleting that portion thereof that provides for support alimony in the total sum of $300,000.00 payable at the rate of $500.00 per month for six hundred (600) months and in lieu thereof substitute the following: That the [Plaintiff] be awarded as property settlement one-half (½) or fifty percent (50%) of the [Debtor's] military retired pay, said payment to be made directly from the U.S. Army Finance Center to the [Plaintiff] at the afore mentioned [sic] address.

The Debtor did not appeal the above modification.

The Debtor filed a petition for relief under the Bankruptcy Code on June 16, 1988.

The U.S. Army Finance and Accounting Center in Indianapolis, Indiana, presently sends the Plaintiff's awarded share of the Debtor's military pension directly to the Plaintiff.

### DISCUSSION

The Debtor argues that the District Court of Comanche County, Oklahoma, saddled the Debtor with a debt by awarding

the Plaintiff one half of the Debtor's military pension. The Debtor reasons:

> In this case, the trial court chose to treat the military retirement pay as the separate property of debtor-defendant. In its order of March 25, 1988, the trial court states that Joan Stolp should be awarded as a property settlement one-half (½ or 50%) of the *plaintff's* [sic] retired military pay. The court specifically used the term "plaintiff's retired military pay" (referring to Harvey Stolp) when it could have used the term "jointly acquired military pay" if it considered the military pay to be jointly acquired property. Since the court treated Harvey Stolp's military retirement pay as his separate property, it follows that the property settlement obligation is a debt to Harvey, not the property of Joan. As such, it is dischargeable in bankruptcy unless it is shown to be in the nature of alimony under 11 U.S.C. 523(a)(5).

Brief for Debtor at 2. The Court disagrees with the Debtor's characterization of the Oklahoma court's use of the term "plaintiff's retired military pay." Such language merely identifies the property to be divided.

Even if the Oklahoma court intended to treat the Debtor's military pension as his separate property, the division of such property does not create a debt owed by the Debtor to the Plaintiff. "'[D]ebt' means liability on a claim." 11 U.S.C. § 101(11). In the present case, the Plaintiff does not have a claim against the Debtor for any payments of any kind; the Plaintiff has a right to receive payments from the United States Army. In this case, the Debtor is not responsible for making any payments of any kind to the Plaintiff; the United States Army has a duty to pay the Plaintiff. Without an obligation for one party to a divorce to pay another party to a divorce a sum of money pursuant to the divorce decree, any further examination of the divorce decree is beyond the scope of 11 U.S.C. § 523(a)(5). Accordingly, the Court finds no merit in the Debtor's argument that the parties' property settlement is a dischargeable debt of the Debtor.

10 U.S.C. § 1408(c)(1) states: "A Court may treat disposable, retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." In other words, a divorce court may divide military pensions.

In Oklahoma "a military pension is not different from a private pension plan and accordingly may be divisible as jointly acquired property." *Stokes v. Stokes*, 738 P.2d 1346 (Okla.1987). Upon issuance of the order modifying the Debtor's and the Plaintiff's divorce decree, any pre-existing interest the Debtor had in the military pension was dissolved. *In re Sanderfoot*, 899 F.2d 598, 602 (7th Cir.1990).

With only minor exceptions, property of the estate includes all property of the debtor as of the time of the filing of the bankruptcy petition. 11 U.S.C. § 541. At the time the Debtor filed his bankruptcy petition, the order modifying the Debtor's divorce decree and divesting the Debtor of his interest in one half of his military pension was a *fait accompli*. Accordingly, the Plaintiff's awarded share of the Debtor's military pension is not property of the estate. *In re Corrigan*, 93 B.R. 81 (Bankr.E.D.Va.1988); *In re Manners*, 62 B.R. 656 (Bankr.Mont.1986); *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985); *In re Thomas*, 47 B.R. 27 (Bankr.S.D.Cal.1984).

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.