**In the Matter of James E. NEWCOMB, Debtor.**

**James E. NEWCOMB, Plaintiff,**

v.

**Joan Rehnell NEWCOMB, Defendant.**

**Bankruptcy No. 91–08976–8B3. Adv. No. 91–0568.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 4, 1993.

**288**

David W. Steen, Tampa, FL, for plaintiff.

Patricia Levy Ritsch, Tampa, FL, for defendant.

ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing upon the Motion for Summary Judgment filed by Plaintiff and Defendant's Amended Motion for Summary Judgment. The Court, having considered the Motions and being otherwise fully advised, finds as follows:

In April 1991, Plaintiff and Defendant participated in a trial on Plaintiff's petition for dissolution of marriage and Defendant's counter-petition for dissolution of marriage in a Florida state court. Following the trial, the state court entered a Final Judgment of Dissolution of Marriage which provided, in part, for the payment by Plaintiff to Defendant of the sum of $21,459.41, which represented Defendant's one-half interest in the equity in the parties' marital home, and the payment by Plaintiff to Defendant of $750.00 per month as alimony. The Judgment also awarded Defendant 30.-91% of Plaintiff's monthly military pension benefits. The Judgment specifically required Plaintiff to ensure payment of Defendant's percentage of the monthly pension came directly to Defendant from the United States Air Force.

On July 11, 1991, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C.). Subsequently, the United States Air Force ceased making payments to Defendant pending determination of whether continued payment was a violation of the automatic stay and whether the payments would be subject to Plaintiff's discharge.[1]

On May 18, 1992, Plaintiff filed his Amended Complaint to Determine Dischargeability of Debt. The Complaint alleged Plaintiff's liability for payment to Defendant of the $750.00 monthly alimony, the one-half interest in the parties' marital home and Defendant's monthly portion of Plaintiff's military pension benefits constituted dischargeable debts under the Bankruptcy Code. This Court previously has determined Plaintiff's liability for payment of one-half of the equity in the marital home is not dischargeable and the parties have agreed the $750.00 monthly alimony is also not dischargeable. Consequently, the only remaining issue is whether the portion of Plaintiff's military pension benefits to which Defendant is entitled constitutes a debt of Plaintiff which is excepted, pursuant to Section 523(a)(5) of the Bankruptcy Code, from the discharge under Section 1328 of the Bankruptcy Code.

Plaintiff points to several determinants which allegedly indicate the pension obligation is an equitable distribution of marital property, rather than alimony, maintenance or support, and is therefore not ex-

---

**1.** On November 25, 1991, this Court entered an order lifting the automatic stay in Plaintiff's case to permit Defendant to pursue her motion for relief from judgment in the state court. Subsequently, the state court entered an Amended Final Judgment of Dissolution of Marriage. The Amended Judgment did not change those provisions relevant to determination of the issues now before this Court. Therefore, unless specifically stated otherwise, the term "Divorce Judgment" or "Judgment" will be used to refer both to the original Judgment and to the Amended Judgment.

cepted from discharge. First, as a general matter, Plaintiff states the fact the Judgment specifically denominated the $750.00 monthly payment and the one-half equity in the home as alimony, but failed to so describe the pension payments, is indicative of the state court's intent not to include the pension as alimony. Second, Plaintiff has cited six separate factors which allegedly refute any argument the pension constitutes alimony. These include the fact that the pension payments do not terminate upon the remarriage of Defendant; in awarding the pension payments, the Judgment does not include consideration of any disparity in income between Plaintiff and Defendant or the relative education or physical health of the parties; and the Judgment does not indicate the pension payments are in any way meant as support for Defendant.

Finally, in an attempt to refute the argument the payments do not constitute a debt owed by Plaintiff, Plaintiff states the pension payments were never property of Defendant. Plaintiff argues if the pension payments were solely Defendant's property, they would not terminate upon her death.

Defendant counters first with the argument that the pension payments constitute Defendant's sole and separate property, and therefore, they are neither property of the bankruptcy estate nor are they a debt owed by Plaintiff. In so arguing, Defendant does not dispute Plaintiff's assertion that the pension constitutes part of an equitable distribution of property, rather than alimony. Instead, Defendant asserts the equitable distribution of the pension was a simple transfer of property from Plaintiff to Defendant which has now become complete. Consequently, venturing into an analysis of whether the pension is alimony for Section 523(a)(5) purposes is superfluous.

Alternatively, Defendant maintains if the pension is a debt owed by Plaintiff, it is one which arises anew with each monthly pension payment. Consequently, those pension payments which are owed post-petition are not affected by the bankruptcy discharge.

Finally, Defendant states, barring the above arguments, the pension payments do constitute alimony, maintenance or support as those terms are used in Section 523(a)(5). In defense of this argument, Defendant states the pension award was clearly provided Defendant with her future financial security in mind.

## DISCUSSION

This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. *See Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Having done so, the Court finds Defendant's initial argument compelling and finds Defendant is entitled to judgment as a matter of law.

It is clear from the terms of the Divorce Judgment that Plaintiff has absolutely no proprietary interest in or control over the portion of the pension benefits awarded Defendant. Paragraph 12f of the Judgment provides:

> As and for an equitable distribution of the Husband's military retirement, the Husband shall pay or direct to be paid to the Wife, the sum of 30.91% out of each month net disposable retirement payment to which the Husband would otherwise be entitled....

As indicated by Defendant, such a disposition of pension benefits is clearly permitted under Florida law. *Diffenderfer v. Diffenderfer*, 491 So.2d 265 (Fla.1986). Furthermore, the distribution is in keeping with both the letter and intent of 10 U.S.C. § 1408. Section 1408(c)(1) provides a court may treat military pension "either as property solely of the member or as property of the member and his spouse." The state court in this case chose the latter option and subjected the payments to equitable distribution. Once payment began to come directly from the Air Force as required by

the Judgment, the transfer was complete and Plaintiff lost any interest in or entitlement to the funds.

This conclusion has been reached and supported by several Courts. In *Chandler v. Chandler (In re Chandler)*, 805 F.2d 555 (5th Cir.1986), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987), the United States Court of Appeals for the Fifth Circuit ruled that the portion of the husband's military pension payments awarded the wife in the divorce action were the wife's "sole and separate" property and were therefore not subject to the husband's bankruptcy discharge. *See also Bush v. Taylor,* 912 F.2d 989 (8th Cir.1990); *Sadowski v. Sadowski (In re Sadowski),* 144 B.R. 566 (Bankr.M.D.Ga.1992). The *Chandler* and *Bush* cases involved, at least in part, situations where the husband received the full monthly pension payment and remitted to his ex-wife that portion to which she was entitled. In each case, the Court held the husband acted as a mere constructive trustee or conduit for the payments and had no further property interest in the funds. In this case, however, the payments flow directly from the Air Force to Defendant and Plaintiff does not even rise to the status of constructive trustee. This is further indication of Plaintiff's lack of control over or interest in the funds. *See Tidwell v. Tegtmeyer (In re Tidwell),* 117 B.R. 739 (Bankr.S.D.Fla.1990).

Plaintiff's argument that Defendant's inability to pass her interest in the pension funds to her heirs after her death somehow lessens her property interest in the funds is without merit. Plaintiff's assertion is clearly refuted by the case law cited above. Furthermore, 10 U.S.C. § 1408 specifically permits military pension payments to be considered the property of both the service member and spouse.

■ In light of the above, the Court need not broach the analysis required under Section 523(a)(5).[2] Nor is it necessary to ad-

dress the additional arguments raised by Defendant.

Consequently, the Court holds Defendant's interest in the military pension payments does not constitute a "debt" of Plaintiff as that term is used by the Bankruptcy Code. Defendant's interest in the payments constitutes the sole and separate property of Defendant. Therefore, the payments are not property of the bankruptcy estate, are not subject to the automatic stay imposed by Section 362 of the Bankruptcy Code, and are not dischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Plaintiff is denied. It is further

ORDERED, ADJUDGED AND DECREED that Defendant's Amended Motion for Summary Judgment is granted.

ORDERED, ADJUDGED AND DECREED that this Court will enter a separate final judgment in accordance with the findings contained herein.

DONE AND ORDERED.

---

**2.** However, were Defendant's interest in the military pension not her sole and separate property, the portion of the pension to which Defendant is entitled clearly would be in the nature of support as interpreted by this Court in *Burch v. Burch (In re Burch),* 100 B.R. 585 (Bankr. M.D.Fla.1989).