In re William F. POTTER, Debtor.

Joanne T. POTTER, Plaintiff,

v.

William F. POTTER, Defendant.

Bankruptcy No. 92–02364.
Adv. No. 92–70189A.

United States Bankruptcy Court,
N.D. New York.

July 19, 1993.

Robert J. Hanrahan, Watertown, NY, for plaintiff.

William F. Potter, pro se.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Presently before the Court is the motion of Plaintiff Joanne T. Potter ("Plaintiff") for summary judgment in this adversary proceeding to determine the dischargeability of a debt arising out of a state court divorce decree awarding her a portion of the military pension benefits payable to her former husband, William F. Potter, the Debtor–Defendant ("Debtor") herein.

The Court heard oral argument on the within motion on March 23, 1993, in Syracuse New York.[1] After receipt of memoranda of law from the parties, the matter

was submitted for decision on April 19, 1993.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), 157(b)(1), (b)(2)(A) and (I).

## FACTS

The Plaintiff and the Debtor were married on July 15, 1974. At the time of the marriage, and at all relevant times prior to the commencement of the parties' matrimonial action, the Debtor was a member of the United States Army. The Debtor's Army service commenced in 1971. It appears that on or about June 5, 1988, the parties were separated and subsequently filed for divorce.

On May 20, 1991, the Honorable Hugh A. Gilbert, Justice of the Supreme Court of the State of New York, County of Jefferson, signed a Final Judgment of Divorce ("Decree"), formally ending the parties marriage of more than 16 years. The Decree incorporated Judge Gilbert's Memorandum Decision and Order of February 8, 1991 ("Order of 2/8/91"), which contained the court's findings of fact and conclusions of law in the divorce proceeding and granted the parties mutual judgments of divorce as against the other.

The Decree fixes the rights of the parties in various items of personal and real property. With respect to prospective pension rights, the Decree states that "each party shall be entitled to the appropriate interest in the pension of the other as allowed by the Equitable Distribution Law of the State of New York as of this date, with each party [being] responsible to file the appropriate papers to secure payment of such pension rights upon the actual date of retirement". *See* Decree at p. 3.

On May 20, 1993, Judge Gilbert signed an additional order designated as a "Qualified Domestic Relations Order" (the "QDRO"). This order, incorporating certain provisions of the Order of 2/8/91,

---

**1.** The Debtor appears in this adversary proceeding pro se.

named the Plaintiff as an "alternate payee" of a portion of the pension benefits due the Debtor upon his impending retirement from the Army. Specifically, the Order directed the United States Army Retired Pay Operations to pay such portion of the Debtor's retirement benefits directly to the Plaintiff on a monthly basis once the Debtor himself begins receiving benefits.

Subsequently, on or about May 31, 1991, the Debtor retired from active duty in the Army, with approximately 20 years and 2 months of active military service, thus entitling him to receive a military retirement pension. Pursuant to the directive contained in the Order, the United States Army Retired Pay Operations commenced making payments to the Plaintiff in October 1991, in addition to those payments otherwise due the Debtor. The Plaintiff has received direct payments from the Army since that time. As of March 1993, the monthly payment due the Plaintiff was $360.91.

On July 23, 1992, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). Debtor's Schedule "F" lists the monthly pension obligation to the Plaintiff as part of a property settlement subject to discharge in his bankruptcy case.

Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Fed. R.Bankr.P."), the Plaintiff commenced the within adversary proceeding to determine the dischargeability of this obligation.

### ARGUMENTS

Relying on the Uniformed Services Former Spouse Protection Act ("USFSPA"), 10 U.S.C. § 1408, and cases construing same, and the fact that the Debtor's pension obligation to the Plaintiff arose pursuant to a qualified domestic relations order, Plaintiff contends that the pension payments awarded to her in the divorce proceeding are her sole and separate property, and do not constitute a "debt" of the Debtor that is dischargeable in bankruptcy under Code § 727(a).

Alternatively, Plaintiff contends that while the award of pension benefits under the Decree is not labelled as support, the payments required thereunder are actually in the nature of support and maintenance and are therefore not dischargeable under Code § 523(a)(5).

With respect to the above arguments, the Plaintiff contends that there are no material issues of fact in dispute, and that accordingly she is entitled to judgment in her favor as a matter of law.

The Debtor takes the position that the pension benefit obligation is clearly a debt relating to the division of property under the Decree, not an obligation in the nature of support or maintenance, *see* § 523(a)(5), and is dischargeable under Code § 727(a). The Debtor therefore requests a denial of the relief prayed for by the Plaintiff and also requests judgment in his favor that the alleged debt is dischargeable.

### DISCUSSION

### A. *SUMMARY JUDGMENT*

Rule 56(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), made applicable here pursuant to Fed.R.Bankr.P. 7056, provides that summary judgement must be granted where there exists "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Federal Deposit Ins. Corp. v. Bernstein*, 944 F.2d 101, 106 (2d Cir.1991). It is the movant's burden to establish the absence of any unresolved issues of material fact. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 2556 n. 2, 91 L.Ed.2d 265 (1986)).

Upon review of all the pleadings, papers and arguments presented by the parties herein, the Court finds that there are no questions of material fact yet to be resolved, and that accordingly, the legal question sought to be determined in the adversary proceeding may be decided on motion for summary judgment. *See In re*

*Hotel Syracuse*, 155 B.R. 824 (Bankr. N.D.N.Y.1993).

## B. DISCHARGEABLE DEBT, OR PROPERTY INTEREST?

██ In the matter *sub judice* the Court is called upon to determine whether the division of the Debtor's military pension under the state court Decree gives rise to an obligation that is dischargeable in the Debtor's bankruptcy case. To make this determination it is necessary to properly classify the claim against the pension as either a property interest or a debt. If the Decree creates a debt rather than a property interest in favor of the Plaintiff, then any award to the Plaintiff not in the nature of alimony, maintenance or support would be dischargeable. *In re Long*, 148 B.R. 904, 907 (Bankr.W.D.Mo.1992); Code §§ 727(a) and 523(a)(5).

Initially, both parties agree that the pension obligation in favor of the Plaintiff results from a state court ordered property division. The parties disagree, however, over the proper characterization of this "property" interest of the Plaintiff. The Debtor posits that such interest constitutes a "debt" which is subject to discharge under Code § 727(a).

The Court notes, in passing, that the case principally relied upon by the Debtor in support of this position, *Bush v. Taylor*, 893 F.2d 962 (8th Cir.1990), was subsequently vacated. *See Bush v. Taylor*, 912 F.2d 989 (8th Cir.1990). On rehearing *en banc*, the Eighth Circuit held: i) that the former husband's obligation to pay his ex-wife half of his monthly pension benefit gave rise to a constructive trust relationship that was non-dischargeable, and ii) that even if the obligation was in the nature of a property settlement, such obligation was non-dischargeable. *Id.* at 992–93.

Furthermore, in stark contrast to the position asserted by the Debtor, the weight of authority on this issue, on facts substantially similar to those present in the instant case, holds that a former spouse's interest in the debtor's pension becomes the sole and separate property of that spouse, not a debt, upon entry of a final judgment of divorce. *See generally Matter of Newcomb*, 151 B.R. 287 (Bankr.M.D.Fla.1993); *In re Resare*, 142 B.R. 44 (Bankr.D.R.I. 1992), *aff'd*, 154 B.R. 399 (D.R.I.1993); *In re Farrow*, 116 B.R. 310 (Bankr.M.D.Ga. 1990); *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985); *cf. In re Long, supra*, 148 B.R. 904 (interest of non-employee spouse in non-military pension is the sole property of such spouse).

██ Closer to home, under well established principles of New York domestic relations law, the interest of one spouse in a pension or retirement plan is generally considered to be divisible marital property. *McDermott v. McDermott*, 119 A.D.2d 370, 507 N.Y.S.2d 390, 395 (2d Dept.1986) (citing *Majauskas v. Majauskas*, 61 N.Y.2d 481, 474 N.Y.S.2d 699, 463 N.E.2d 15 (1984)), *appeal dismissed*, 69 N.Y.2d 1028, 517 N.Y.S.2d 938, 511 N.E.2d 81 (1987). While the rights of the non-employee spouse in the pension or retirement fund of the other remain inchoate during the coverture of the marriage, *id.* 507 N.Y.S.2d at 397, upon entry of a judgment of divorce, ownership vests in the spouse to whom such property has been equitably distributed. *See id.; In re Frederes*, 141 B.R. 289, 291–92 (Bankr. W.D.N.Y.1992).

Thus, after entry of the Decree by the state court on May 20, 1991, the Plaintiff's interest in the Debtor's military pension became her sole and separate property under New York law, effectively divesting the Debtor of any proprietary interest in the portion that was transferred to her. *See In re Greenwald*, 134 B.R. 729, 731 (Bankr.S.D.N.Y.1991).

Authority for the transfer of an interest in a military pension is provided by 10 U.S.C. § 1408(c)(1) which permits courts to "treat disposable retired pay payable to a member ... either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court." Id.* (emphasis added).

██ Congress enacted 10 U.S.C. § 1408 to overrule the decision of the Supreme

**676**

Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (holding that military pensions were not divisible community property of the pensioner and his or her spouse). Thus, under 10 U.S.C. § 1408(c)(1), state divorce courts are permitted to divide military pensions. *In re Stolp*, 116 B.R. 131, 133 (Bankr. W.D.Wis.1990); *Matter of Hall, supra*, 51 B.R. at 1003–04.

 In the matter *sub judice*, the state court has directed payment of the Plaintiff's interest in the military pension by the issuance of the QDRO. The service requirement of 1408(d)(1) having been met here, *see* Defense Finance and Accounting Service letter of October 7, 1991, (attached to Debtor's answering papers), the Army is now the Plaintiff's obligor with respect to her interest in the pension. *In re Farrow, supra*, 116 B.R. at 312; *In re Tidwell*, 117 B.R. 739 (Bankr.S.D.Fla.1990); *cf. Matter of Hall, supra* 51 B.R. at 1003 (ex-wife receiving equitable share of husband's military pension considered to be a federal pensioner in her own right).

Moreover, the division of the Debtor's military pension in this case does not result in the creation of a debtor/creditor relationship between the parties. The Code defines the term "debt" as a "liability on a claim". *See* Code § 101(12). In pertinent part, a "claim" is defined as a "right to payment...." Code § 101(5). In the instant case, the Plaintiff can assert no claim against the Debtor for the payment of this obligation. Rather, the payment obligation lies solely with the United States Army as directed by the state court in the QDRO and because the Debtor no longer has any rights or interest in the portion of the pension that was transferred to the Plaintiff. Thus, since the Plaintiff has a right to seek payment only from the United States Army, and not from the Debtor, there is no debt due and owing from the Debtor to be discharged. *See In re Farrow, supra*, 116 B.R. at 312; *In re Stolp*, 116 *supra*, at 131.

The Court concludes therefore, that Plaintiff's interest in the military pension payments does not constitute a "debt" of the Debtor within the meaning of the Code. Further, that Plaintiff's interest in the payments constitutes her sole and separate property, payable solely by the Army. Accordingly, since the payments due are not a part of the estate; they can not give rise to a debt between the Debtor and the Plaintiff; and they are not dischargeable in this bankruptcy proceeding.

Having reached the foregoing conclusions, it is unnecessary to consider the Debtor's Code § 523(a)(5) argument.

For all the reasons stated herein, Plaintiff's motion for summary judgment is granted.

**IT IS SO ORDERED.**