**In re Gerald J. PIASECKI, Debtor.**

**Joanne WISNIEWSKI, Plaintiff,**

v.

**Gerald J. PIASECKI, Defendant.**

**Bankruptcy Nos. 93–3181, 93–30574.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 29, 1994.

Sandra C. Bolotin, Toledo, OH, for debtor/defendant.

Joan E. Casilio, Buffalo, NY, for plaintiff.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Defendant's Answer to Motion for Summary Judgment. The Court has reviewed the written arguments of Counsel, transcripts, supporting exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Plaintiff's Motion for Summary Judgment should be Granted.

### FACTS

The parties have stipulated to the substantive facts. Plaintiff and Defendant were granted a divorce in the New York Supreme Court on January 11, 1984. Pursuant to the Judgment of Divorce, Plaintiff was granted a fifty percent (50%) interest in Defendant's pension plan with General Motors Corporation (hereafter "GMC"). Defendant retained the right to make a lump sum payment equivalent to the Plaintiff's share in the pension in lieu of receiving payments under the plan.

The New York Supreme Court approved and filed on April 10, 1991 a Stipulated Qualified Domestic Relations Order (hereafter "QDRO"). Under the terms of the QDRO, Plaintiff was designated as "Alternate Payee". GMC was served with the QDRO on April 16, 1991 directing the pension plan administrator to commence payment directly to Plaintiff upon Defendant's retirement. Defendant retired on June 1, 1992. There is no evidence that Defendant exercised his option to make a lump sum payment.

Defendant filed a Petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff was listed as an unsecured, non-priority Creditor with a claim valued at Eleven Thousand and 00/100 Dollars ($11,000.00). Plaintiff initiated this adversary proceeding and filed a Motion for Summary Judgment. Defendant responded by filing an Answer to Motion for Summary Judgment.

### LAW

**11 U.S.C. § 101**

§ 101. Definitions.

(5) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured:

(12) "debt" means liability on a claim;

**11 U.S.C. § 523**

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

does not discharge an individual debtor from any debt-

    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, . . .

NEW YORK DOM. REL. § 236(B)(5)(a) and (c).

5. Disposition of property in certain matrimonial actions.

    a. Except where the parties have provided in an agreement for the disposition of their property pursuant to subdivision three of this part, the court, in an action wherein all or part of the relief granted is divorce, . . . of a marriage, . . . shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.

    c. Marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties.

### DISCUSSION

Pursuant to 28 U.S.C. § 157(b)(2)(A) and (I), this case is a core proceeding. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1334.

Plaintiff filed a Motion for Summary Judgment and Memorandum in Support seeking a determination that her interest in Defendant's GMC pension is a separate, vested property right which is no longer property of Defendant's estate and therefore not subject to discharge. Defendant's Answer to Motion for Summary Judgment alleges that since he does have an interest in Plaintiff's portion of the pension plan, there is a genuine issue of material fact. As a result, Defendant argues that Plaintiff's Motion for Summary Judgment should not be granted.

    Under Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056, summary judgment will only be granted when the movant can demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion of summary judgment must be construed in the light most favorable to the party opposing the motion. *In re Weitzel,* 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987) (*quoting In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky.1985)). To prevail, the movant must be able to demonstrate all elements of the cause of action by a preponderance of the evidence. *See R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975) and *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

    Based upon its review of all pleadings, exhibits and arguments presented by Counsel, this Court finds that there are no genuine issues of material fact. As a matter of law, the sole issue before the Court is whether Plaintiff's interest in the GMC pension plan is a property interest in favor of the Plaintiff, then any award to the Plaintiff not in the nature of alimony, maintenance or support would be dischargeable to Defendant. *In re Potter,* 159 B.R. 672 (Bkrtcy. N.D.N.Y.1993) (*citing In re Long,* 148 B.R. 904, 907 (Bankr.W.D.Mo.1992)). In making the determination of property rights, this Court is obligated to refer to state law. *In re White,* 851 F.2d 170, 173 (6th Cir.1988).

    As New York state law dictates, the divorce decree is intended to comprise the final and complete distribution of property. NEW YORK DOM. REL. § 236(B)(5)(a) and (c). Under established principles of New York domestic relations law, upon entry of a judgment granting divorce, ownership vests in the spouse to whom it has been awarded. *In re Potter,* 159 B.R. 672, 675 (*citing McDermott v. McDermott,* 119 A.D.2d 370, 507 N.Y.S.2d 390, 395 (2d Dept.1986) *appeal dismissed* 69 N.Y.2d 1028, 511 N.E.2d 81, 517 N.Y.S.2d 938 (N.Y.1987)). Upon the filing of the decree of divorce, the former spouse's interest in a pension becomes the sole and separate property of that spouse, not a debt. *See Id.* at 675 (*citing Matter of*

**52**

*Newcomb,* 151 B.R. 287 (Bankr.M.D.Fla. 1993)).

Since Defendant failed to execute his right to make a lump sum payment in lieu of payments through GMC, Defendant is divested of any proprietary right in Plaintiff's interest under the pension plan. *See Id.* at 675 (*citing In re Greenwald,* 134 B.R. 729, 731 (Bankr.S.D.N.Y.1991)). Plaintiff, under the divorce settlement of the Supreme Court of New York, was granted her rights to Defendant's pension fund through a QDRO. Plaintiff, as "Alternate Payee" and recipient spouse under a QDRO, has independent ownership of her share of the pension.

Plaintiff's independent ownership of rights under the pension plan have not created a Debtor and Creditor relationship between Defendant and Plaintiff. *See Id.* at 676. "Debt" under the Bankruptcy Code is defined as a "liability on a claim". BANKRUPTCY CODE § 101(12). "Claim" means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secure, or unsecured". BANKRUPTCY CODE § 101(5). Without Defendant's election to pay Plaintiff in lieu of taking under the pension plan, there is no liability on a claim. The payment obligation is strictly between Plaintiff and the GMC pension plan administrator.

This Court therefore finds that the transfer of a percentage interest of Defendant's pension plan by a QDRO immediately vests an absolute property right in Plaintiff. Plaintiff does not possess a property interest which is a part of Defendant's estate nor does her ownership in the pension plan constitute indebtedness to Defendant. Since Plaintiff's interest creates neither a seizable asset or dischargeable debt, Defendant's interest is not subject to discharge.

In reaching the conclusion found herein, the Court has considered all the evidence, including the exhibits, transcripts and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly it is*

***ORDERED*** that Plaintiff's Motion for Summary Judgment be, and is hereby, ***GRANTED.***