**In re Richard P. McQUADE, Debtor.**

**Richard P. McQuade, Plaintiff,**

**v.**

**Donna McQuade, Defendant.**

**Bankruptcy No. 97–4471–BKC–3F7.
Adversary No. 98–167.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 19, 1999.

Lansing J. Roy, Jacksonville, FL, for plaintiff.

Armistead W. Ellis, Jr., Daytona Beach, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court upon a Complaint to Determine the Dischargeability of a Debt under 11 U.S.C. § 523(a)(5). (Doc. 1.) Based upon the evidence presented and the argument of counsel, the Court enters these findings of fact and conclusions of law.

### FINDINGS OF FACT

Donna McQuade ("Defendant") and Richard McQuade ("Plaintiff") married in October 1983 and divorced April 25, 1995. During the marriage, the couple had two children. In January of 1991, prior to the divorce, Plaintiff injured himself after working twelve years for the police department in Glen Cove, New York and began receiving monthly disability pension payments.

On April 24, 1995 New York Supreme Court Justice Ralph P. Franco entered the following Domestic Relations Order:

WHEREAS, the Judgment of Divorce herein, signed simultaneously herewith, directs that pending further order of this court, the plaintiff, Donna McQuade, is to receive the sum of $2,142.50 per month from the retirement benefits presently being paid to defendant, Richard P, McQuade, by the New York State Employees' Retirement System, to be paid to the said plaintiff forthwith pursuant to this Domestic Relations order ... it is hereby

ORDERED, that this Order is intended to be a Domestic Relations Order within the meaning of Section 414(p) of the Internal Revenue code of 1986; ...

ORDERED, that the "Plan" to which this Order applies is the New York State Employees' Retirement System, a defined benefit plan ...

ORDERED, that as used herein, the "participant" means RICHARD P. McQUADE, the defendant in this action ...

ORDERED, as used herein, the "alternate payee" means DONNA McQUADE, the plaintiff in this action ...

ORDERED, that pending further order of this court, the plaintiff (alternate payee) is hereby awarded, and the Plan is hereby directed to pay to her, from the participant's retirement allowance, the sum of two thousand one hundred forty two dollars and fifty cents ($2,142.50) per month, commencing with the first benefit payment following service of this Order on the New York State Employees' Retirement System and continuing monthly thereafter until the defendant's death but in no event beyond October 22, 2011 ...

ORDERED, that the defendant shall execute or shall cause to be executed any and all documents and shall perform any and all acts necessary to provide plaintiff with the right to receive the benefits required by this Order ...

ORDERED, that with respect to plaintiff's right to the foregoing benefits, defendant hereby waives and is barred from electing any distribution options or alternate payees and/or from taking any other actions that would impair or infringe upon plaintiff's rights under this Order ...

ORDERED, that nothing in this Order requires and this Order shall not be

construed to require the Plan to provide plaintiff or defendant with:

A. Any type or form of benefits, or any option not otherwise provided under the Plan; or

B. Any increase in benefits (determined on the basis of actuarial value) to which plaintiff is not otherwise entitled . . .

ORDERED, that this Order is applicable solely with respect to the interest of plaintiff and defendant under the Plan . . .

ORDERED, that this Court retains jurisdiction of this action and the parties hereto for the purpose of modifying this Order to make any changes to it that are required:

A. For the purpose of establishing or maintaining this Order as a Domestic Relations Order;

B. To revise or conform the terms of this Order so as to effectuate the express provisions of this Order and/or of the parties' Property Settlement Agreement and the Judgment of Divorce herein; and

C. To revise or conform the terms of this Order so as to effectuate the parties' intentions as expressed in said Agreement and in this Order . . .

ORDERED, that in the event the Plan administrator determines that this Order is not a "Domestic Relations Order", said administrator shall promptly notify the attorneys for the participant and alternate payee, in writing, of the reason or reasons for such determination . . .

ORDERED, that a copy of this order shall promptly be submitted by plaintiff or her attorney to the Plan Administrator.

ENTER,

*HON. RALPH P. FRANCO*

Justice of the Supreme Court

AGREED AS TO FORM AND SUBSTANCE AND NOTICE OF SETTLEMENT WAIVED

STAMLER & EISENBERG, ESQS.

BY: CAROL EISENBERG, ESQ.

Attorneys for Plaintiff

DOUGLAS M. REDA, ESQ.

Attorney for Defendant

Plaintiff characterizes the pension plan distribution into partial property settlement in the amount of $800.00 per month and the balance as child support. Plaintiff claims this $800.00 amount was a debt that survived the divorce and that this debt existed at the time of the bankruptcy filing. Plaintiff supports this position by noting that should the pension plan have insufficient funds or should Plaintiff lose his entitlement, Plaintiff would be required to make up the difference. Plaintiff claims his discharge in bankruptcy released him from dischargeable debts, including this $800.00 obligation.

Defendant claims her interest in the pension plan is fully vested and is not a debt subject to discharge. In the alternative, Defendant claims that the entire $2,142.50 monthly payment is for child support and, therefore, not dischargeable under 11 U.S.C. § 523(a)(5).

### *CONCLUSIONS OF LAW*

The Court must determine whether the division of the Plaintiff's pension under the state court decree gave rise to a separate property interest in the pension in favor of the Defendant or merely created a debt owing to the Plaintiff. If the decree creates a debt rather than a property interest, the court will determine whether this interest is in the nature of alimony, maintenance or support, and therefore is nondischargeable, or whether it is a debt resulting from a division of property and is dischargeable. *See* 11 U.S.C. §§ 727(a), 523(a)(5).

■ Whether Defendant's interest in the pension plan is her separate property interest, and thus not part of her former husband's bankruptcy estate, is determined by reference to state law. *See, e.g., Barnhill v. Johnson,* 503 U.S. 393, 112

S.Ct. 1386, 118 L.Ed.2d 39 (1992). The weight of authority holds that a former spouse's interest in a debtor's pension plan becomes the sole and separate property of that spouse, not a debt, upon entry of a final judgment of divorce. *Potter v. Potter (In re Potter)*, 159 B.R. 672, 675 (Bankr. N.D.N.Y.1993). The Court in the *Potter* case stated that:

> ... under well established principles of New York domestic relations law, the interest of one spouse in a pension or retirement plan is generally considered to be divisible marital property. While the rights of the non-employee spouse in the pension or retirement fund of the other remain inchoate during the coverture of the marriage, upon entry of a judgment of divorce, ownership vests in the spouse to whom such property has been equitably distributed.

159 B.R. at 675 (citations omitted). *See In re Taylor*, 216 B.R. 366, 370 (Bankr. S.D.N.Y.1998) (assigned pension interest that is not yet mature may vest in non-debtor spouse and does not become property of bankruptcy estate); *Clark v. Clark*, 219 A.D.2d 787, 788, 631 N.Y.S.2d 467, 468 (1995) (pension fund became sole and separate property of non-debtor ex-spouse and subsequent bankruptcy petition had no effect upon interest); *Newcomb v. Newcomb (In re Newcomb)*, 151 B.R. 287 (Bankr. M.D.Fla.1993) (non-debtor's interest in military pension constitutes sole and separate property and was not a "debt" of debtor as term is used by the Bankruptcy Code).

■ This Court dealt with a similar issue in *Adkins v. Adkins (In re Adkins)*, 191 B.R. 941 (Bankr.M.D.Fla.1996). In the *Adkins* case, a half interest in an ex-wife's profit sharing plan was equitably distributed to the ex-husband under a Final Judgment of Dissolution of Marriage. Subsequently, the ex-wife filed for bankruptcy and received a discharge. The ex-

husband then filed a motion for entry of a qualified domestic relations order in state court. The ex-wife objected. She claimed that the interest in the profit sharing plan amounted to a cash payment and was, therefore, a debt owed to her former husband that would have been discharged in her bankruptcy case. The state court determined that the ex-husband's interest in the profit sharing plan was not a debt dischargeable by his ex-wife's bankruptcy discharge. Rather, the state court held that the Final Judgment of Dissolution of Marriage distributed this marital asset equitably between the parties and vested a half interest of the profit sharing plan in the ex-husband as of the date of the dissolution. This Court found it was collaterally estopped to address the same issue that the state court already adjudicated.[1]

■ The Court agrees with Defendant's position, the New York State court equitably distributed this marital asset and vested in her an interest in her ex-husband's pension plan. Plaintiff's attempt to support his argument for discharge using the basis for calculation of the amount of the pension payment to Defendant is not persuasive. The Court finds no significance in the derivation of the amount· of this payment. Whether the payment is based on child support or an equitable division of marital assets does not alter the fact that Defendant's interest in the pension plan was vested when the parties divorced. Additionally, the Court does not find the fact that Defendant's interest will be reduced upon the emancipation of each child or that the termination of payments on or about October 22, 2011 or upon Plaintiff's death to be significant. Plaintiff's property right in the pension funds did not increase because he filed bankruptcy, that right which was divided by the judgment of divorce prepetition, is fixed and limited by the domestic relations order. *Gendreau v. Gendreau (In re Gendreau)*, 191

---

1. State courts have concurrent jurisdiction with bankruptcy courts to decide dischargeability of debts in bankruptcy, especially marital debts pursuant to a dissolution of marriage. 191 B.R. at 943.

**814**

B.R. 798, 803 (9th Cir. BAP 1996); *Bigelow v. Brown (In re Brown)*, 168 B.R. 331, 334 (Bankr.N.D.Ill.1994).

### CONCLUSION

The Court finds that the pension interest in dispute is a marital asset that was equitably distributed between the parties by the judgment of divorce. Defendant's entire interest in Plaintiff's pension plan vested as of the date of the dissolution of their marriage on April 24, 1995. The Court, after finding that the pension plan payments at issue are not property of Debtor's estate, will not discuss the issue of dischargeability.

A separate order will be entered in accordance with the foregoing.