IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2002 Session

## VIOLET GUARINO A/K/A/ VIOLET CORROZZO v. JOSEPH CORROZZO

**Appeal from the Chancery Court for Rutherford County**
**No. 00DR-1329     Royce Taylor, Chancellor**

---

**No. M2001-02789-COA-R3-CV - Filed January 23, 2003**

---

The appellant was ordered in a divorce decree to pay his wife a portion of his pension. He attempted to discharge these payments in a bankruptcy proceeding. The Chancery Court of Rutherford County held that the payments were non-dischargeable because they constituted "support, maintenance or alimony" payments which are not dischargeable under the bankruptcy code. On appeal, appellant argues that wife violated the automatic stay injunction by filing in a state court and that she failed to properly object to the discharge. Appellant also argues that the trial court did not have subject matter jurisdiction. We hold that the payments were in the nature of support and, therefore, not a dischargeable debt. This result means that the issues raised by the appellant are moot. We affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and ALLEN W. WALLACE, SP. J., joined.

James R. Smith, Murfreesboro, Tennessee, for the appellant, Joseph Corrozzo.

James D. Roberts, Nashville, Tennessee, for the appellee, Violet Guarino.

### OPINION

### I.

The appellant, Joseph Corrozzo, and the appellee, Violet Guarino a/k/a Violet Corrozzo [Ms. Corrozzo], were married for twenty-nine (29) years. They divorced on December 18, 1996, and under the divorce decree filed in the Circuit Court of Cook County, Illinois, Mr. Corrozzo was ordered to pay Ms. Corrozzo 40% of his pension fund. Mr. Corrozzo disappeared without paying anything to his ex-wife, and Ms. Corrozzo only learned of his whereabouts upon his filing for

bankruptcy on April 17, 2000, listing herself as a creditor. Mr. Corrozzo received a discharge on August 1, 2000. Ms. Corrozzo filed a complaint on September 15, 2000 in the Chancery Court for Rutherford County to domesticate the Illinois divorce decree and collect the pension payments awarded to her. The trial court domesticated the judgment by default on February 13, 2001. However, the trial court ordered that a hearing be held on the amount of payment due.

Mr. Corrozzo filed an answer to the complaint, but he did not raise his bankruptcy as a defense. At the hearing on March 8, 2001, however, he raised the defense in an oral motion. The court did order Mr. Corrozzo to begin the monthly payments as ordered by the original divorce decree. The court also set another hearing to consider if Mr. Corrozzo's bankruptcy had any effect on the arrearage. Mr. Corrozzo did not make the payments, and he was incarcerated for his contempt on October 2, 2001. He was subsequently released, but at a hearing on October 4, 2001, the trial court held that the payments ordered under the divorce decree were not discharged by the bankruptcy. The trial court's Final Order of Judgment reads as follows:

3. The requirement that Joseph B. Corrozzo pay Violet M. Corrozzo 40% of his retirement annuity from the Policeman's Annuity & Benefit Fund of Chicago is of the nature of support, maintenance, and alimony for a spouse as contemplated by the parties and 11 U.S.C. § 523(a)(5) and is exempt from discharge under 11 U.S.C. § 523 and §727.

4. The support payment arrearage from the Policeman's Annuity & Benefit Fund of Chicago, is of the nature of support, maintenance, and alimony for a spouse as contemplated by the parties and 11 U.S.C. § 523(a)(5) and is exempt from discharge under 11 U.S.C. § 523 and § 727.

5. The award of $ 2,000.00 in attorney's fees under the divorce decree is of the nature of support, maintenance, and alimony for a spouse as contemplated by the parties and 11 U.S.C. § 523(a)(5) and is exempt from discharge under 11 U.S.C. § 523 and §727.

Mr. Corrozzo appeals the trial court's decision.

**II.**

On appeal, this court must review the trial court's decision *de novo* upon the record with a presumption of correctness for the findings of fact. Tenn. R. App. P. 13(d). Mr. Corrozzo argues three issues on appeal: (1) Whether Wife violated the automatic bankruptcy discharge injunction; (2) whether Wife failed to properly object to the pension discharge; and (3) whether the trial court lacked subject matter jurisdiction. Mr. Corrozzo bases all these arguments on the proposition that his payments to Ms. Corrozzo ordered by the divorce decree were discharged in the Chapter 7 bankruptcy proceeding. Rather than attacking the trial court's decision directly, Mr. Corrozzo simply assumes that the court was wrong.

We first turn to the terms of divorce decree to determine whether the payments are alimony, maintenance or support or are part of the property settlement. The parties' divorce decree states:

> 8. That the parties have entered into an oral Marital Settlement Agreement providing for disposition and settlement of their respective property rights of every kind, nature and description growing out of the marriage relationship existing between them; that said oral Marital Settlement Agreement was offered and admitted into evidence and is in words and figures as follows:
>
> A. That both [Ms. Corrozzo] and [Mr. Corrozzo] have agreed to mutually waive maintenance each as against the other and accordingly the parties are forever barred and foreclosed from asserting any claim or demand for maintenance.
>
> B. That [Mr. Corrozzo] acknowledges that he is receiving a lifetime retirement annuity from the Policemen Annuity and Benefit Fund of the City of Chicago. [Mr. Corrozzo] has agreed that [Ms. Corrozzo] shall receive forty per cent (40%) of the monthly pension annuity each and every month beginning with the entry date of the Judgment for Dissolution of Marriage, and forty per cent (40%) of each and every monthly increase received by [Mr. Corrozzo] thereafter.

Only payments that are "of the nature of support, maintenance or alimony for a spouse" are non-dischargeable in a bankruptcy proceeding. 11 U.S.C. § 523(a)(5). Payments, such as those stemming from the division of marital property, are dischargeable. 11 U.S.C. § 523(a)(15). Although Mr. Corrozzo does not argue the point, an argument could be made that Section 8A of the divorce decree, in waiving each party's claims for future maintenance, means that the payments called for in Section 8B are not support but a division of property. But "maintenance" and "support" are two different classes of payments that are exempt from discharge under 11 U.S.C. § 523(a)(5). The record does not show how the terms are defined under Illinois law (where the divorce was granted), so we are not persuaded that the waiver of "maintenance" in Section 8A of the decree means that the payments ordered in Section 8B are something other than support. With no other provision for Ms. Corrozzo in the decree after twenty-nine years of marriage, the monthly payments from the pension fund would normally be considered "of the nature of suppport." Specifically, the courts have held that attorney fees payable to ex-spouse's attorney are nondischargeable. *In Kline*, 65 F.3d 749, 751 (8th Cir. 1995). Also the bankrupt's obligation to pay off a mortgage was held to be non-dischargeable. *In Beach*, 220 B.R. 651, 656 (Bankr. D.N.D. 1998). We think the trial judge made the correct decision on this issue.

### III.

There is another reason why the obligation to make the future payments called for under Section 8B of the decree is not affected by the bankruptcy. Many federal appeals courts and bankruptcy courts, including the Sixth Circuit, have held that even if a pension payment is a division of property and, therefore, dischargeable, such payments are not actually part of the debtor's

bankruptcy estate. These courts have held that the pension payments cannot be a debt owed to the ex-spouse because they became the separate property of the ex-spouse at the time of the divorce and before the filing of the bankruptcy petition. *McCafferty v. McCafferty*, 96 F.3d 192 (6th Cir. 1996); *see also Brown v. Pitzer*, 249 B.R. 303 (Bankr. S.D. Ind. 2000); *In re McQuade*, 232 B.R. 810 (Bankr. M.D. Fla. 1999); *Resare v. Resare*, 154 B.R. 399 (Bankr. D. R.I. 1993); *In re Ledvinka*, 144 B.R. 188 (Bankr. M.D. Ga. 1992).

In *McCafferty v. McCafferty,* 96 F.3d 192 (6th Cir. 1996), the Sixth Circuit reviewed a case with very similar facts to this case. In *McCafferty*, the husband attempted to discharge payments of a portion of his state government pension which were granted to his ex-wife in their divorce decree. The Sixth Circuit first stated that the payments were not exempted from discharge under 11 U.S.C. § 523(a)(5). The court then stated:

> Section 541 of the Bankruptcy Code states that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1988). However, section 541(d) provides that "property in which the debtor holds . . . only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). Section 541(d) has often been invoked as the basis for excluding from a bankruptcy estate assets held in constructive trust by the debtor in favor of another.

*McCafferty*, 96 F.3d at 196. The court held that the pension benefits were not part of the bankruptcy estate and not a dischargeable debt because the husband held the amounts in a constructive trust for the benefit of his ex-wife. The court also held that such a decision upholds both the bankruptcy court's goals and the requirements of the state court. *McCafferty*, 96 F.3d at 200.

Tennessee courts often use constructive trusts as an equitable remedy to prevent unjust enrichment. *See Browder v. Hite*, 602 S.W.2d 489, 492 (Tenn. Ct. App. 1980) (adopting trial court's opinion). Constructive trusts "include cases: . . . (4) where a person acquires property with notice that another is entitled to its benefits. In [ ]such cases, Equity, for the purpose of doing justice in the most efficient manner, constructs a trust out of the transaction, and makes a trustee of the person thus acquiring the title." *Gibson's Suits in Chancery* §383 (7th ed. 1988). In this case, Mr. Corrozzo clearly knew from the divorce decree that Ms. Corrozzo was entitled to 40% of his pension payments. He ignored the provisions of the decree when he kept the payments in the entirety, and therefore, was unjustly enriched.

We hold that even if the future payments owed to Ms. Corrozzo were considered property they were not discharged because they were not part of the bankruptcy estate. What effect this holding would have on the accumulated arrearage is a question we will not address here, since we have held that they were debts accumulated "of the nature of support" in Part II of this opinion.

**IV.**

The appellant raised three issues on appeal. First, he argues that the action in the Rutherford County Chancery Court violated the automatic stay provisions of the bankruptcy act. In his argument, however, he recognizes that the automatic stay provisions of 11 U.S.C. § 362(c)(1) apply only until the discharge. The discharge occurred on August 1, 2000 and this action was not filed until September 15, 2000. Thus Mr. Corrozzo has to fall back on the automatic injunction provided in 11 U.S.C. § 524(a)(2) that prohibits an action to collect a discharged debt. One of the other issues attacks the jurisdiction of the chancery court to adjudicate a discharged claim. *See* 11 U.S.C. § 524 (a)(1); *In re Pavelich*, 229 B.R. 777 (B.A.P. 9th Cir. 1999).

Thus both of these issues turn on the question of whether the obligation to pay Ms. Corrozzo her share of the pension was discharged. Since we have determined that the obligation was not discharged, these issues are moot.

The final issue raised by the appellant and the only one that addresses the validity of the lower court's ruling on the discharge, asserts that in order to prevent the discharge Ms. Corrozzo was required to file an objection to the discharge in the bankruptcy court. We disagree. The bankruptcy code puts non-dischargeable debts into two classes. There are those that are non-dischargeable as a matter of law, 11 U.S.C. § 523(a), and debts for support of a former spouse fall into this category. Section 523 (a)(5). Then there are those that require litigation to hold them non-dischargeable. Section 523 (c)(1). In this category are debts resulting from fraud, § 523(a)(2), fraud of a fiduciary, embezzlement, or larceny, § 523(a)(4), willful and malicious injuries, § 523(a)(6), and domestic relations cases, except those that are not in the nature of support or maintenance, § 523(a)(15). Therefore, the litigation was not required to hold the pension obligation non-dischargeable.

**V.**

We affirm the judgment of the trial court and remand this case for any further proceedings necessary. We tax the costs of this appeal to the appellant, Joseph Corrozzo.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.