■ Michael Clark, Appellant, v Gail Clark, Respondent. [631 NYS2d 467] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered August 17, 1994 in Clinton County, which, *inter alia*, granted defendant's application for reinstatement of an income execution against plaintiff's retirement benefits.

The parties were divorced in August 1988. Equitable distribution of their marital property was ordered by Supreme Court in January 1990, except for the division of plaintiff's pension, 46.88% of which was awarded to defendant by order of Supreme Court in April 1992. In September 1992, plaintiff filed a voluntary petition for relief under chapter 7 of the US Bankruptcy Code (11 USC) and, in July 1993, Bankruptcy Court issued plaintiff a discharge in bankruptcy.

The following year, defendant successfully moved in Supreme Court, *inter alia*, to enforce her right to receive her judicially decreed share of plaintiff's pension benefits; Supreme Court directed plaintiff to pay defendant $2,706.75 in arrears, representing the amount defendant should have received as her share of those benefits, and reinstated defendant's income execution against them.

Plaintiff maintains that Supreme Court had no jurisdiction

to rule on the issue of his pension benefits because Bankruptcy Court had exclusive jurisdiction over these benefits from the moment plaintiff filed his bankruptcy petition. We are unpersuaded.

Pension benefits, earned during the course of a marriage and prior to the commencement of an action for divorce or the signing of a separation agreement, constitute marital property over which Supreme Court has jurisdiction when determining issues of equitable distribution (*see,* Domestic Relations Law § 236 [B] [1] [c]; *see also, Majauskas v Majauskas,* 61 NY2d 481, 485-486). That being so, Supreme Court had jurisdiction to issue its order of April 1992, distributing to defendant her interest in plaintiff's pension. With the entry of Supreme Court's judgment of divorce and order equitably distributing the parties' marital property, defendant's interest in plaintiff's pension vested and became her exclusive property *(see, In re Potter v Potter,* 159 Bankr 672, 675).

Plaintiff's subsequent petition in bankruptcy had no effect upon defendant's interest in his pension fund, for by the time plaintiff filed his petition in September 1992 defendant's interest therein had already become her sole and separate property *(see, Chandler v Chandler,* 805 F2d 555, 557, *cert denied* 481 US 1049) and, hence, could not be counted as one of plaintiff's debts, nor discharged by order of Bankruptcy Court *(see, In re Potter v Potter, supra).*

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.