■ BETTY JANE BRADY, Appellant, v JOHN BRADY, Respondent. [649 NYS2d 530] —Peters, J. Appeal from a an order of the Supreme Court (Canfield, J.), entered November 28, 1995 in Rensselaer County, which denied plaintiff's motion for an amended qualified domestic relations order.

Plaintiff commenced an action against defendant for divorce on March 31, 1988. At that time, defendant worked for General Electric Company (hereinafter the employer) in Pittsfield, Massachusetts. On March 1, 1991, defendant was placed on lack of work status by his employer and, on March 1, 1992, he was formally terminated.

After defendant's termination, the parties attended a settlement conference in which they entered into an opting-out agreement which provided that plaintiff's share of defendant's pension would be calculated in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481). A qualified domestic relations order (hereinafter QDRO) was signed at that time by the parties' attorneys. The judgment of divorce, which incorporated but did not merge the parties' opting-out agreement, was signed on April 30, 1992. However, before the QDRO was presented to Supreme Court for signature, defendant was rehired by the employer to a different position in North Carolina. This prompted plaintiff to move for an amended QDRO seeking to have her interest in defendant's pension benefits recomputed. Supreme Court denied the motion and this appeal by plaintiff ensued.

Plaintiff seeks to have her interest in defendant's pension benefits recomputed to include defendant's participation in the employer's plan subsequent to the date of his rehire. The Court of Appeals, however, made clear in *Majauskas v Majauskas* (*supra*, at 485-486) that rights to vested pension benefits constitute marital property only "to the extent that they were

acquired between the date of the marriage and the commencement of a matrimonial action" (*Olivo v Olivo*, 82 NY2d 202, 207; *see, Clark v Clark*, 219 AD2d 787, 788). The pension benefits in which plaintiff seeks to claim an interest were acquired by defendant after the parties' divorce became final. Since the parties' divorce was final prior to defendant's rehire, plaintiff is not entitled to any interest in pension benefits acquired by defendant after that date. Therefore, Supreme Court properly denied plaintiff's motion.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.