**Star M. HOLLAND, Plaintiff–Appellant,**

v.

**David KNOLL, Defendant–Appellee.**

**Civil Action No. 94–40100–NMG.**

United States District Court,
D. Massachusetts.

Nov. 27, 1996.

Steven A. Kressler, Kressler, Kressler & Pitnof, Worcester, MA, for Star M. Holland.

John F. Murphy, Boston, MA, for David Knoll.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is an appeal by Star M. Holland ("Wife") from the ruling of the United States Bankruptcy Court entered on June 8, 1994. That Court ruled that an award to Wife's ex-husband of an $8,000 interest in Wife's pension plan pursuant to a property settlement and made part of a divorce decree, is not a dischargeable debt under 11 U.S.C. § 523. This Court has jurisdiction to hear Wife's appeal pursuant to 28 U.S.C. § 158. Upon consideration of the briefs filed by the parties, this Court concludes that the findings of the Bankruptcy Court were not clearly erroneous, its conclusions of law were sound and well reasoned and its decision will, therefore, be affirmed.

### Background

On March 5, 1992, Wife and her husband, David Knoll, Defendant–Appellee ("Husband") were granted a judgment for divorce nisi in the Worcester Probate Court. Incorporated into the divorce judgment was a separation agreement which provided, *inter alia* that 1) within 90 days of the judgment, Husband was to receive $8,000 as a property settlement, and 2) Husband waived all right to Wife's pension from the Commonwealth of Massachusetts.

Wife failed to pay Husband the $8,000 within the time prescribed and shortly thereafter the Probate Court entered an order ("the August, 1992 Order") modifying the divorce decree to provide for Husband to receive $8,000 from Wife's pension fund when and as it became payable. On or about October 5, 1993, Wife filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Wife listed Husband under Schedule F ("Creditors Holding Unsecured Nonpriority Claims") of her petition and no objection was ever filed by or on behalf of Husband.

The State Board of Retirement has refused to pay Wife's pension funds to her because the August, 1992 Order prohibits her from receiving such funds until Husband has been paid his $8,000. The monies in the pension fund are currently held solely in Wife's name.

On January 21, 1994, Wife filed an adversary proceeding against Husband to determine the dischargeability of her $8,000 "debt" to Husband, specifically, the amount of her pension fund awarded to him in the divorce decree. The Bankruptcy Court denied Wife's motion for summary judgment and instead, entered judgment in favor of Husband, determining that he had a present property interest in the $8,000 transferred by force of the August, 1992 Order. Judge Queenan concluded that Husband's $8,000

property interest was, therefore, not a "debt" subject to discharge under 11 U.S.C. § 523.

### Standard of Review

It is well settled that this Court may not disturb the Bankruptcy Court's findings of fact unless they are "clearly erroneous," but reviews that Court's conclusions of law *de novo.* Fed.R.Bankr. 8013; *In re DN Associates,* 3 F.3d 512, 515 (1st Cir.1993). The determination of the dischargeability of the $8,000 interest in Wife's pension fund is ultimately one of law and the Bankruptcy Court's decision on that issue is, therefore, subject to *de novo* review.

### Analysis

Wife/Appellant maintains that reversal of the Bankruptcy Court is required because 1) the debt that she owes to Husband resulted from a property settlement in a divorce action and 2) the money held in the pension fund in her own name is property of her bankruptcy estate and, for both reasons, any claim to it by Husband is dischargeable. The Bankruptcy Court did not dispute Wife's arguments specifically, but rather concluded that Husband's $8,000 interest in her pension was not a "debt" at all.

### A. *Husband's Interest in Wife's Pension is not a "Debt"*

As a threshold matter, there can be no doubt or disagreement that the divorce decree award of $8,000 to Husband in this case was a property settlement and not payment of alimony, maintenance or support. Furthermore, consistent with Wife's contention, a "debt" incurred as a result of a property settlement is dischargeable pursuant to 11 U.S.C. § 523(a)(5). *Abrams v. Burg,* 367 Mass. 617, 327 N.E.2d 745 (1975); *Nichols v. Hensler,* 528 F.2d 304, 307 (7th Cir.1976); *In re Janowski,* 175 B.R. 155 (Bankr.W.D.N.Y. 1994); *In re Butler,* 186 B.R. 371 (Bankr. D.Vt.1995). Those cases and the proposition for which they stand are, however, inapposite to the case at bar.

The salient issue before this Court, as pointed out by Judge Queenan in the Bankruptcy Court hearing, is: whether or not the right of a Chapter 7 debtor's ex-husband to a portion of her pension plan benefits, awarded pursuant to a divorce decree, constitute a "debt" owed by the debtor and dischargeable under 11 U.S.C. § 523. Neither the First Circuit nor a district court within the First Circuit has ruled on that question. Other Circuits have, however, addressed the question of the dischargeability of an assignment of pension funds via a divorce decree in the context of Chapter 7.

The Ninth Circuit has dealt with the question and concluded that such an assignment of pension funds is not dischargeable in bankruptcy. In *In re Teichman,* 774 F.2d 1395 (9th Cir.1985), a dissolution decree ordered the debtor to pay his former wife a percentage of his retirement benefits as a division of property. The debtor failed to pay her $14,000 of the benefits he received prepetition and further refused to pay her any benefits received postpetition. He argued that his obligations to his ex-wife were discharged, but the Ninth Circuit held that, although the $14,000 prepetition debt was discharged, his wife's right to a percentage of his monthly pension benefits postpetition was not a "debt" subject to discharge.

The Court in *Teichman* explained that under the dissolution decree, the wife had an ownership interest in a portion of the retirement fund. Because the postpetition payments were not debts under the Bankruptcy Code, they were not subject to discharge. A Bankruptcy Appellate Panel for the Ninth Circuit applied the *Teichman* reasoning in finding that the right of a debtor's ex-wife to a portion of his postpetition pension plan benefits was not a debt owed by him and therefore, was not subject to discharge. *Gendreau v. Gendreau,* 191 B.R. 798 (9th Cir. BAP 1996).

In *Bush v. Taylor,* 912 F.2d 989 (8th Cir. 1990), the Eighth Circuit held that even if a debtor's obligation to his former spouse to transfer to her one-half of his pension benefits each month was in the nature of a property settlement, the obligation was not dischargeable in bankruptcy. The Court reasoned that not until after the fifteenth of each month, when payment became due, did the unpaid portion of the obligation become

a debt. The former wife's postpetition pension benefits were, therefore, not prepetition debts dischargeable in bankruptcy under 11 U.S.C. § 523.

In *Johnson v. Johnson,* 113 B.R. 514 (Bankr.W.D.Ark.1989), the U.S. Bankruptcy Court for the Western District of Arkansas held that a former wife's entitlement to one-half of the debtor's military retirement was a separate property interest created by the divorce decree rather than the debtor's obligation arising out of a property settlement subject to discharge in bankruptcy.[1] The Court in *Johnson* cited *Story v. Story,* 36 B.R. 546, 548 (Bankr.M.D.Fla.1983), as a contrary decision and criticized that Court's failure to cite supporting authority. Wife/Appellant in this case relies on *Story* to support her argument that her ex-husband's $8,000 interest in her pension plan should be discharged in her bankruptcy proceeding.

B. *Application of Persuasive Caselaw to the Case at Bar*

In granting summary judgment for Husband, the Bankruptcy Court ruled that, although payment of pension proceeds would occur in the future (at retirement), a property interest was transferred by force of the August, 1992 Order and, as such, Husband's interest was not a "debt" subject to discharge under 11 U.S.C.A. § 523. The caselaw cited above, although not controlling on this Court, is persuasive, and, given the absence of contrary law in the First Circuit, this Court concludes that the award of $8,000 of Wife's pension to Husband did not create a dischargeable debt. It is both equitable and in conformance with the clear majority rule, that this Court affirms the Order of the Bankruptcy Court that Husband has a vested property interest in an amount of $8,000 in Wife's pension fund and that such interest was not a prepetition debt of the Bankruptcy estate.

**ORDER**

For the foregoing reasons, the ruling of the Bankruptcy Court is AFFIRMED and this appeal is DISMISSED.

SO ORDERED.

---

1. A vast majority of courts have followed the line of cases holding that an interest in a spouse's pension awarded prepetition is not a dischargeable debt. *Chandler v. Chandler,* 805 F.2d 555 (5th Cir.1986) (holding debtor could not discharge that portion of his monthly army retirement benefits awarded to his wife pursuant to a divorce decree), *Hall v. Hall,* 51 B.R. 1002 (S.D.Ga.1985) (holding that state divorce judgment awarding debtor's wife 38% of husband's military retirement pension granted the wife a nondischargeable property interest in that portion of the pension), *Williams v. Califf,* 195 B.R. 499 (N.D.Ala.1996) (holding that ex-wife's interest in debtor's retirement income was her sole and separate property, and was therefore not subject to Chapter 7 discharge); *Walston v. Walston,* 190 B.R. 66 (E.D.N.C.1995).