**In re Juan GOMEZ, Debtor.**

**Bankruptcy No. 89682356–478.**

United States Bankruptcy Court,
E.D. New York.

March 17, 1997.

Macco, Hackeling & Stern by Richard L. Stern, Huntington, New York, for Judith Gomez.

Lester & Fontanetta, P.C. Garden City, New York, for Debtor.

### DECISION ON DEBTOR'S MOTION TO REOPEN CASE TO DETERMINE DISCHARGEABILITY OF DEBT

DOROTHY EISENBERG, Bankruptcy Judge.

Juan Gomez, the debtor herein, filed a Chapter 7 petition on April 18, 1996. On August 20, 1996, the debtor received a discharge. On September 10, 1996, the debtor's Chapter 7 case was closed. The debtor now seeks an Order reopening the case for "cause", pursuant to 11 U.S.C. Sec. 350(b), for the purpose of commencing an adversary proceeding pursuant to 11 U.S.C. Sec. 523(a)(15), to determine whether the debtor's "debt" to Judith Gomez, his ex-wife, is dischargeable in bankruptcy.

In opposition, the former spouse claims that the case should not be reopened on the grounds that:

(i) the Debtor fails to establish "cause" pursuant to 11 U.S.C. § 350(b) to reopen his case;

(ii) the pension at issue is not property of the Debtor's estate;

(iii) the pension is Judith Gomez's property, *not* a "debt" owed to Judith Gomez that can be discharged in bankruptcy; and

(iv) Section 523(a)(15) is clearly not a debtor remedy.

### FACTS

A Judgment of Divorce was entered on July 29, 1993 by the Supreme Court of the State of New York, Suffolk County, in the matter of Juan Gomez, plaintiff, against Judith Gomez, defendant. The Judgment of Divorce provided, in pertinent part, as follows:

ORDERED, ADJUDGED AND DECREED, that the defendant is hereby awarded fifty (50%) percent of all sums heretofore received by or owed to plaintiff after taxes from all of the plaintiff's pension, retirement and/or other deferred nonwage benefits inclusive of Tier I and COLA benefits from all sources inclusive of the LONG ISLAND RAILROAD Pension Plan, LONG ISLAND RAILROAD Plan for additional pension and USRR Retirement Act Benefits, commencing from the date of retirement or the date of the first payment to the plaintiff, whichever first occurred through November 30, 1992; and it is . . .

ORDERED, ADJUDGED AND DECREED, that in order to provide that defendant's portion of such benefits are paid directly to the defendant by the pension plan administrator, either party may submit a Domestic Relations Order for signature by the court, which order shall provide for the payment of the defendant's share of such benefits directly to the defendant, and which order shall further provide that defendant shall be named as surviving spouse to the extent of fifty (50%) percent of all the plaintiff's pension, retirement and other non-wage benefits inclusive of Tier I and COLA benefits.

After the entry of the Judgment of Divorce, a Domestic Relations Order was entered in the Supreme Court of the State of New York on April 25, 1996 after the filing of this petition. The Domestic Relations Order ("DRO") specifically directs the Long Island Rail Road Company Pension Plan and the Long Island Rail Road Company Plan for Additional Pensions (the "LIRR") to undertake certain obligations to carry out the directives in the Judgment of Divorce. The DRO provides, in part:

... The Former Spouse is awarded, and the Long Island Rail Road Company Pension Plan and the Long Island Rail Road Company Plan for Additional Pensions are directed to pay, an interest in the portion of Retiree's benefits under the Railroad Retirement Act (the "Act"), 45 U.S.C. Section 231, *et seq.* The Former Spouse shall receive 50% of the benefit otherwise payable to the Retiree; ...

## DISCUSSION

■ The issue of whether Judith Gomez' right to a portion of the Debtor's pension benefits is dischargeable centers on whether this right should be characterized as a pre-petition "debt". The debtor claims that it should be characterized as a pre-petition debt. However, the former spouse argues that the pension benefits awarded to her pursuant to the Judgment of Divorce and as incorporated in the DRO do not constitute a "debt" and, thus, cannot be discharged. The former spouse is correct.

Three Circuit Courts of Appeal have already held that a non-debtor spouse's right to a percentage of a debtor's monthly pension benefits awarded prepetition is not a debt subject to discharge.

In *In re Teichman,* 774 F.2d 1395 (9th Cir.1985), a marriage dissolution decree ordered the debtor/husband to pay his former wife a percentage of his Air Force retirement benefits. Because the state court at the time of the divorce proceedings could not order the United States Air Force to directly pay the wife her share, it ordered the husband to pay a portion of each payment to the wife. The husband was to be the conduit through which the wife would receive her interest in the retirement fund. The Ninth Circuit held that the right to a percentage of the debtor's monthly pension benefits post-petition was not a debt subject to discharge. The Court reasoned that:

> The husband is under no obligation to pay his former wife until the Air Force pays him; therefore, a debt does not arise under the Code until each payment is due. Since the post-petition and prospective payments are not debts under the Code,

they are not subject to discharge in this bankruptcy.

*In re Teichman,* 774 F.2d at 1398 (citations omitted); *see also, Chandler v. Chandler,* 805 F.2d 555 (5th Cir.1986), *rehrg. denied,* 810 F.2d 198 (5th Cir.1987), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987), *rehrg. denied,* 493 U.S. 987, 110 S.Ct. 531, 107 L.Ed.2d 530 (1989).

In *Bush v. Taylor,* 912 F.2d 989 (8th Cir. 1990), the Eighth Circuit held that even if an ex-wife's interest in the debtor/husband's pension was in the nature of a property settlement within the meaning of the Bankruptcy Code (and not in the nature of alimony, maintenance or support), the debtor's prospective obligation to the wife was still not a dischargeable debt. The Ninth Circuit held that "the District Court correctly concluded that [the wife's] interest in the post-petition pension payments was not dischargeable because payments that are not yet due and payable do not represent a debt under the Code." *Id.,* at 993. *See also, In re Long,* 148 B.R. 904 (Bankr.W.D.Mo.1992), in which the Court concluded that there was no debtor-or-creditor relationship between the parties arising from the pre-petition property settlement created in the decree of dissolution. *Id.,* at 907–08.

■ In the instant case, Judith Gomez' right to the debtor's pension benefits was created in the pre-petition Judgment of Divorce, which provided that the pension benefits were to be paid directly to her by the pension plan administrator. This Court is bound by the doctrine of *res judicata* regarding State Court judgments. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so."); *Kelleran v. Andrijevic,* 825 F.2d 692 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). The DRO, which was entered post-petition, merely effectuated the direct payment by the LIRR pension plan administrator to Judith Gomez and created no additional obligation by the debtor to Judith Gomez. *See, e.g., In re Gendreau,* 191 B.R. 798, 803 (9th Cir. BAP

1995) (the debtor's filing of a bankruptcy petition before entry of a QDRO did not nullify the state court order granting the ex-wife a property interest in debtor's pension benefits); *In re Brown,* 168 B.R. 331, 335–36 (Bankr.N.D.Ill.1994) (debtor's ex-wife, who did not obtain a QDRO pre-petition, nonetheless had an equitable interest in the debtor's pensions arising from entry of the decree of dissolution); *In re Long,* 148 B.R. 904, 907–08 (Bankr.W.D.Mo.1992) (the entry of a QDRO would not alter the amount of marital property awarded in divorce decree or otherwise affect the finality of state court judgment).

██ This Court finds that the Judgment of Divorce entered on July 29, 1993 granted the former spouse a property right in one-half of the Debtor's interest in the pension funds that might be due to him. The DRO was merely an instrument which directed a third party as to how to make the payment that is due the ex-spouse, *i.e.,* direct payment to her. It did not change or alter her property rights in the pensions. Essentially, Judith Gomez *owns* a portion of the pension pursuant to the Judgment of Divorce, and the LIRR is obligated to make payments directly to her under the DRO. The Debtor had no property right to this one-half interest in the pensions, which had been provided to his former spouse prior to his filing the petition by a judgment of the State Court. That judgment granted her sole and separate property rights in the pensions. A debtor cannot claim title to a greater interest than that awarded to him in a pre-petition divorce decree. *Matter of Paderewski,* 564 F.2d 1353, 1356–57 (9th Cir.1977) (Bankruptcy Act case). Moreover, a debtor may not discharge debts against property in which he does not have a legal or equitable interest. *See In re Gendreau,* 191 B.R. 798, 802 (9th Cir. BAP 1995); 11 U.S.C. Section 541(a)(1); *Holland v. Knoll,* 202 B.R. 646 (D.Mass. 1996).

This Court also finds that the Debtor does not owe any debt to his former spouse by virtue of the award of the one-half interest in two pensions. *Holland v. Knoll,* 202 B.R. at 646 (husband's interest in debtor/wife's pension is not a "debt" of the debtor).

Additionally, the Debtor excluded *his* pension rights from the property of the Chapter 7 estate by claiming an exemption therefor on Schedule C pursuant to New York Debtor & Creditor Law, Secs. 282–84. The debtor's interest in the LIRR pension plans was limited by the Judgment of Divorce entered by the Supreme Court of the State of New York in 1993.

██ Finally, even if the Court were to determine that the prospective monthly retirement benefits due to Judith Gomez were "debts" and the proper subject of a nondischargeability suit, the debtor's reliance on 11 U.S.C. Section 523(a)(15) to seek a judgment that the debt is dischargeable is misguided. That provision of the Bankruptcy Code is designed to be used by a non-debtor spouse seeking to have a property settlement that might ordinarily be deemed a dischargeable debt to be deemed non-dischargeable, and is not a debtor's remedy. In fact, Section 523(c)(1) provides:

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section unless, *on request of the creditor to whom the debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C. section 523(c)(1) (emphasis added). Furthermore, Fed.R.Bankr.P. 4007(c) mandates that a complaint under section 523(c) in a Chapter 7 case shall be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to section 341(a). The first date set for the meeting of creditors in this case was May 28, 1996, and the last date to file a nondischargeability action was July 29, 1996. Thus, the filing of a nondischargeability action under section 523(a)(15), if applicable, would be time barred. Since this Court has found that the property at issue is not property of this estate, and that there is no debt due to the former spouse from the Debtor, this Bankruptcy Code section is totally inapplicable to this case.

For the foregoing reasons, the Court denies the debtor's motion to reopen the Chapter 7 case for the purpose of filing an adversary proceeding to determine the dischargeability of a debt.