**In re David Gray TAYLOR, Debtor.**

**Bankruptcy No. 97 B 47061(JHG).**

United States Bankruptcy Court,
S.D. New York.

Jan. 5, 1998.

David Gray Taylor, New York City, pro se.

Tracy L. Klestadt & Associates, Tracy L. Klestadt, of counsel, New York City, for Frieda M. Taylor.

Togut, Segal & Segal, Albert Togut, of counsel, New York City, for Albert Segal, Chapter 7 Trustee.

### DECISION ON DEBTOR'S MOTION TO AVOID JUDICIAL LIENS

JEFFRY H. GALLET, Bankruptcy Judge.

Chapter 7 debtor David Gray Taylor ("Debtor"), an attorney appearing pro se,

moves to avoid certain judicial liens granted to Frieda M. Taylor ("Ms. Taylor"), his former wife, by the New York State Supreme Court to enforce certain support orders and property distributions of that court.[1] That motion is denied.

■ Chapter 7 Trustee Albert Togut (the "Trustee") appears only to request that any determination on this motion not bind him because Debtor has yet to produce certain documents necessary to complete his "341 Examination." *See* 11 U.S.C. § 341 (West 1993 & Supp.1997). The Trustee's application is granted. The findings and determinations made here are without prejudice to the Trustee's right to move against the retirement accounts, be he so advised. Debtor is directed to promptly produce the necessary documents.

### INTRODUCTION

Essentially, this motion is an effort to continue a prepetition, state-court-adjudicated, equitable distribution of marital assets controversy and have that adjudication overridden by this court. That is an inappropriate use of the bankruptcy system. *In re Purpura,* 170 B.R. 202, 211 (Bankr.E.D.N.Y.1994).

■ Generally, federal courts defer to state courts in family law matters in the interest of judicial economy and out of respect for the state courts' expertise in those matters. *Robbins v. Robbins,* 964 F.2d 342, 346 (4th Cir.1992); *Carver v. Carver,* 954 F.2d 1573, 1579 (11th Cir.), *cert. denied* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992); *In re Cole,* 202 B.R. 356, 361 (Bankr. S.D.N.Y.1996).

■ The Bankruptcy Court should not permit itself to become unnecessarily involved in the "scorched earth" legal wars between spouses. *In re Newman,* 196 B.R. 700, 703 (Bankr.S.D.N.Y.1996) (*citing In re Purpura,* 170 B.R. at 203). "[T]here is a danger that bankruptcy will be used as a weapon in an on-going battle between former

spouses over the issues of alimony and child support or as a shield to avoid family obligations." *Carver,* 954 F.2d at 1579 (*quoting Caswell v. Lang,* 757 F.2d 608, 610 (4th Cir. 1985)). *See Macy v. Macy,* 114 F.3d 1, 3 (1st Cir.1997) (*citing Shine v. Shine,* 802 F.2d 583, 585–88 (1st Cir.1986) ("There is a strong policy interest in protecting ex-spouses and children from the loss of alimony, support and maintenance owed by a debtor who has filed for bankruptcy.")). Therefore, the state court remains the appropriate arena for such combat. *See Carver,* 954 F.2d at 1579 (It was not " 'the intent of the new Bankruptcy Code to convert the bankruptcy courts into family or domestic relations courts.' ") (citations omitted); *See also In re Purpura,* 170 B.R. at 203; *In re Sinewitz,* 166 B.R. 786, 789 (Bankr.D.Mass.1994). However, bankruptcy courts will adjudicate traditional bankruptcy disputes implicated in the bankruptcy case. *See In re Cole,* 202 B.R. at 360 ("Although the pending motion concerns a matrimonial action, the decision turns on a traditional stay relief analysis.").

With these general rules in mind, I reach the motion before me.

### FACTS

In December 1992, during the pendency of a divorce action, the New York State Supreme Court (Saxe, J.) granted Ms. Taylor an order prohibiting the Debtor from invading or transferring the corpus of two retirement accounts. On October 24, 1997, the same court (Diamond, J.) granted Ms. Taylor a divorce and made a support and an equitable distribution award from the bench, granting Ms. Taylor, among other things, title to $99,258.72 from one account and $7,039.04 from the other. She continued the restraint on those accounts.

Three days later, on October 27, 1997, before the Supreme Court Justice could sign a judgment, Debtor filed this bankruptcy case.[2] In his schedules, Debtor listed the

---

1. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(A).

2. Earlier this year, he was the Debtor in another case before this court (Gonzalez, J.). His Chap-

retirement accounts as assets and claimed them as exempt property. He then made this motion to avoid the liens arguing, among other things, that he needed the pension corpus to support himself and to support a business venture.

### THE AUTOMATIC STAY

■ The mere filing of a petition in bankruptcy, without any further action by the Bankruptcy Court or the debtor, stays the commencement, continuation, or appeal of any state or federal litigation against the debtor, including those claims exempted from discharge, based on a cause of action that arose before the filing of the bankruptcy. *In re Maloney*, 204 B.R. 671, 674 (Bankr. E.D.N.Y.1996) (*citing In re Newman*, 196 B.R. 700, 703 (Bankr.S.D.N.Y.1996)). *See* 11 U.S.C. § 362(a)(1) (West 1993 & Supp.1997). However, Congress excepted several areas from the ambit of the Automatic Stay. *See* 11 U.S.C. § 362(b)(2)(A)(ii) & (B) (West 1993 & Supp.1997). Among them are actions or proceedings to establish or modify an order for support and to collect support from property that is not part of a debtor's estate. *In re Campbell*, 185 B.R. 628, 630 (Bankr. S.D.Fla.1995). In addition, the noneconomic aspects of the matrimonial action, such as the marital status and the custody and visitation of children, are not subject to the Automatic Stay. *In re Ford*, 78 B.R. 729, 734 (Bankr. E.D.Pa.1987) (citations omitted). *See In re Cole*, 202 B.R. 356, 360 (Bankr.S.D.N.Y.1996) (*citing In re Becker*, 136 B.R. 113, 115–16 (Bankr.D.N.J.1992) ("A proceeding that affects the status of the marriage-through divorce or other dissolution-does not implicate the automatic stay.")).

■ Although at oral argument Debtor appeared to believe otherwise, questions about whether the Automatic Stay stays an action or proceeding can be resolved either in the Bankruptcy Court or the state court where the case is pending. State courts retain jurisdiction to decide whether they have jurisdiction. *Erti v. Paine Webber*

*Jackson & Curtis, Inc. (In re Baldwin–United Corp. Litig.)*, 765 F.2d 343, 347 (2d Cir. 1985); *In re Weller*, 189 B.R. 467 (Bankr. E.D.Wis.1995); *Hilsen v. Hilsen*, 161 A.D.2d 459, 555 N.Y.S.2d 370, 371–72 (1st Dep't), *appeal denied*, 76 N.Y.2d 714, 565 N.E.2d 1268, 564 N.Y.S.2d 717 (N.Y.1990). Here, the Supreme Court appropriately ruled that it could consider support issues after Debtor filed his Chapter 7 case.

■ There appears to be some controversy about whether the Supreme Court Justice who rendered the oral decision may sign a judgment. While it is not clear that signing a judgment is always a ministerial function, I find that here, to the small extent that the proposed judgment might impinge on ground covered by the Automatic Stay, signing it is a ministerial function and not prohibited by the Stay. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527–28 (2d Cir.1994). However, Ms. Taylor may not enforce the judgment against property of the bankruptcy estate without further order of this court.

### VESTING OF MS. TAYLOR'S INTEREST IN THE RETIREMENT ACCOUNT

■ The holdings of the Supreme Court as to the distribution of property, title and vesting are binding on me under the doctrine of res judicata. *In re Gomez*, 206 B.R. 663, 665 (Bankr.E.D.N.Y.1997); *In re Purpura*, 170 B.R. 202, 210 (Bankr.E.D.N.Y. 1994). Application of state law determines the respective interests of the debtor and nondebtor spouses in property. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *In re Harrell*, 73 F.3d 218, 219 (9th Cir.1996) ("Since the Bankruptcy code itself does not determine the existence and scope of a debtor's interest in property, these threshold issues are properly resolved by reference to state law.").

ter 13 case was converted to a Chapter 11. The Chapter 11 case was later dismissed. That dismissal was affirmed by the District Court. *In re Taylor*, No. 97 civ. 5967, 1997 WL 642559

(S.D.N.Y. Oct. 16, 1997), *aff'g*, No. 96 B 45845, (Bankr.S.D.N.Y. June 27, 1997) (Order dismissing Chapter 11 case).

Pension interests assigned, but not yet mature, may vest in the non-debtor spouse and not become property of the bankruptcy estate. *In re McCafferty*, 96 F.3d 192, 199 (6th Cir.1996); *In re Gomez*, 206 B.R. at 666; *In re Potter*, 159 B.R. 672, 675 (Bankr.N.D.N.Y.1993); *Majauskas v. Majauskas*, 61 N.Y.2d 481, 491–92, 463 N.E.2d 15, 20, 474 N.Y.S.2d 699, 703–04 (N.Y.1984); *Clark v. Clark*, 219 A.D.2d 787, 788, 631 N.Y.S.2d 467, 468 (3d Dep't 1995). As the Ninth Circuit recently held, the issuance by a state court of an order anticipating a qualified domestic relations order ("QDRO") vests an interest in the debtor's pension in the creditor spouse, though the order itself is not effective as a QDRO. *Gendreau v. Gendreau*, 122 F.3d 815, 818–19 (9th Cir.1997). The state court may issue a QDRO after the filing of the bankruptcy case. *Id.*

The Supreme Court awarded Ms. Taylor an interest in Debtor's retirement accounts. The decision on the record clearly and unambiguously vests part of the retirement accounts in Ms. Taylor. Debtor's sprint to this court to file his second bankruptcy case in 1997 before the Supreme Court could enter a formal judgment does not alter that. If Debtor disagrees with the Supreme Court's decision, his remedy is to appeal it to an appropriate state appellate court. This court may not hear appeals from the New York State Supreme Court. *See In re Sinewitz*, 166 B.R. 786, 789 (Bankr. D.Mass.1994) (bankruptcy court would not allow itself to be used "as a tool to evade Probate Court child support orders by ... serving as a de novo appellate court to review the extent or timing of payment of those nondischargeable obligations...."). *See also In re Griffith*, 203 B.R. 422, 425 (Bankr. N.D.Ohio 1996) (*citing In re Davis*, 172 B.R. 696, 700 (Bankr.S.D.Ga.1993) ("A bankruptcy court should not put itself in a position where its purpose is to second guess a previous decision of a domestic relations court.")).

## *EXEMPT PROPERTY*

Only her share of the retirement accounts vested in Ms. Taylor. The balance remains vested in Debtor. He lists the accounts as exempt property in the schedules he filed with his petition. I do not reach the issue of whether that designation is correct. I will assume for the purposes of this analysis that it is.

In *In re Cole*, 202 B.R. 356 (Bankr. S.D.N.Y.1996), Judge Bernstein, in a different context, addressed the issue of exempt property against a background of a matrimonial conflict. In a carefully reasoned opinion, he held that "subjecting the debtor's non-estate property to support claims meets the needs of the non-debtor spouse without sacrificing the interests of the other creditors." *Id.* at 358. He found, for spouse support purposes, exempt property is equivalent to non-estate property and available for the collection of state court ordered spousal support. I agree.

I make no finding about what support claims, if any, Ms. Taylor has against the retirement accounts. That question is properly before the Supreme Court. Although its ability to address Ms. Taylor's support claims seems unaffected by the Automatic Stay, to the extent that the Automatic Stay might prevent that court from addressing this issue, it is lifted, so that Debtor may get an early resolution of the issue.

## *DECISION*

Debtor's motion to vacate the judicial liens on certain retirement accounts is denied. Debtor will promptly produce any documents necessary for the Trustee to decide if he will assert a claim against the accounts. The question of what support is due and may be collected from those accounts in left to the Supreme Court. To the extent necessary to address that question, the Automatic Stay is lifted.

Settle order.