In re David Gray TAYLOR, Debtor.

David Gray Taylor, Appellant,

v.

Frieda M. Taylor, Appellee.

Nos. 97 B 47061(JHG),
98 Civ. 1696(JES).

United States District Court,
S.D. New York.

May 12, 1999.

David Gray Taylor, New York City, for appellant pro se.

Tracy L. Klestadt & Associates, New York City, Tracy L. Klestadt, Wayne D. Holly, of counsel, for appellee.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Debtor-appellant David Gray Taylor ("Mr.Taylor") brings the instant appeal from the January 5, 1998, Decision and January 27, 1998, Order of the United States Bankruptcy Court for Southern District of New York, Jeffry H. Gallet, J., denying Mr. Taylor's motion to avoid judicial liens granted upon the motion of appellee Frieda M. Taylor ("Ms. Taylor"), his former wife, by the New York State Supreme Court, New York County. For the reasons that follow, the Court reverses the bankruptcy court's denial of Mr. Taylor's motion and remands this matter for a determination by the bankruptcy court whether Mr. Taylor has satisfied the requirements of 11 U.S.C. § 522 governing the avoidance of judicial liens and for further proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

On October 27, 1997 ("Petition Date"), Mr. Taylor filed a voluntary petition for relief under Chapter 7, see 11 U.S.C. §§ 701–766, of Title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Petitioner included on the schedule of his exempt assets an Individual Retirement Account ("IRA"), valued at $226,000.00, and a Keogh pension fund, valued at $14,000.00. These funds form the subject of the instant appeal.

Prior to the Petition Date, Ms. Taylor commenced an action for divorce in the New York State Supreme Court, New York County. In January 1993, during the pendency of that action, the Supreme Court ordered a judicial lien enjoining and restraining Mr. Taylor from transferring, removing, or otherwise disposing of any or all of his assets, including all marital property. The state court renewed this judicial lien in January 1996.

On Friday, October 24, 1997, in an oral decision from the bench, Justice Marilyn G. Diamond of the New York State Supreme Court granted Ms. Taylor a divorce from Mr. Taylor and awarded Ms. Taylor, *inter alia,* $99,258.72 from Mr. Taylor's IRA and $7,039.04 from his Keogh pension fund. *See* Frieda M. Taylor's Memorandum of Law in Opposition to Debtor's Motion to Avoid Judicial Liens, Exh. C, Transcript of Proceedings 8–9, October 24, 1997, *Taylor v. Taylor,* N.Y.Sup.Ct., No. 92–70202. Justice Diamond also renewed the previously ordered judicial lien. Before a judgment memorializing Justice Diamond's decision could be noticed for presentment, Mr. Taylor filed the instant

petition in bankruptcy on Monday, October 27.

Thereafter, on November 6, 1997, further proceedings were held before Justice Diamond. Justice Diamond noted that in making her prior oral decision from the bench on October 24, 1997, she had unintentionally omitted a part of her decision. Noting that she "d[id] not believe that the bankruptcy stay prevents me from putting on the record something that was just an omission prior to this day," she denied a motion for an award of maintenance previously made by Mr. Taylor. *Id.*, Exh. E, Transcript of Proceedings, November 6, 1997, *Taylor v. Taylor*, N.Y.Sup.Ct., No. 92–70202. Justice Diamond further clarified the nature of the award to Ms. Taylor:

> Let me also state on the record that everything that I ordered for Mrs. Taylor was in the nature of support and maintenance and therefore I do not believe that any of it is dischargeable in bankruptcy.

*Id.*

By notice of motion dated November 25, 1997, Mr. Taylor moved pursuant to section 522(f) of the Bankruptcy Code to avoid the previously entered judicial liens to the extent that the liens restrained the funds in his IRA and Keogh pension account. Taylor argued that these funds were exempt property under the Bankruptcy Code that could not be restrained for the benefit of Ms. Taylor as a creditor of the bankruptcy estate. Ms. Taylor argued in opposition that the judicial liens could not be avoided because the state court had ordered these liens to secure a debt "in the nature of alimony, maintenance or support" under section 522(f)(1)(A), relying upon Justice Diamond's November 6 findings to support her argument.

The bankruptcy court denied Mr. Taylor's motion upon the ground that the Supreme Court's decision of October 24, 1997, had clearly awarded Ms. Taylor an interest in the retirement accounts before Mr. Taylor's Petition Date and that Ms.

Taylor's interest vested on the date of the oral decision. *See* Decision on Debtor's Motion to Avoid Judicial Liens, Gallet, J., January 5, 1998, at 5–6 ("Decision"), *reported at In re Taylor*, 216 B.R. 366, 369–70. Thus, the bankruptcy court reasoned that Ms. Taylor was not a creditor of the bankruptcy estate with respect to the retirement accounts because the funds awarded to Ms. Taylor by Justice Diamond were not properly considered part of the bankruptcy estate. *See id.* The bankruptcy court further held that Justice Diamond's supplemental findings dictated into the record on November 6 did not violate the automatic stay and that formal entry of judgment on the oral decisions of Justice Diamond was merely a "ministerial act" not prohibited by the automatic bankruptcy stay. *See id.* at 369. In addition, the bankruptcy court *sua sponte* lifted the automatic stay to allow further proceedings regarding Ms. Taylor's claims for support in the divorce action. *See id.* at 370. The bankruptcy court expressly declined to consider what support claims, if any, Ms. Taylor might have against Mr. Taylor's remaining funds in the retirement accounts. *See id.*

The instant appeal followed. On appeal, Mr. Taylor argues that the bankruptcy court erred in holding that Ms. Taylor enjoyed vested property rights in the retirement accounts prior to entry of final judgment in the divorce action by the state court. In addition, Mr. Taylor challenges the bankruptcy court's denial of his motion without making any finding that the judicial liens were entered to secure an obligation for alimony, maintenance or support under section 522(f)(1)(A) of the Bankruptcy Code.

## DISCUSSION

On appeal from a decision of the bankruptcy court, a district court reviews de novo the bankruptcy court's conclusions of law. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–89 (2d Cir.1990). A

district court may reverse a bankruptcy court's factual findings only if they are clearly erroneous. *See* Fed.R.Bankr.P. 8013; *In re Brody (Brody v. Brody),* 3 F.3d 35, 38 (2d Cir.1993). On the instant appeal, the Court must remand this case to the bankruptcy court because the bankruptcy court failed to apply the controlling provisions of section 522 for deciding whether a Chapter 7 debtor is entitled to avoidance of a judicial lien.

The bankruptcy estate ordinarily includes all property in which the debtor has an interest on the petition date. *See* 11 U.S.C. § 541. In a Chapter 7 liquidation, however, section 522(b) of the Bankruptcy Code allows the debtor to exempt certain property that otherwise would be liquidated and distributed to his creditors, protecting this exempt property from seizure or attachment for payment of debts incurred before the petition date. This exempt property is intended to provide a "fresh start" for the debtor after bankruptcy. H.R.Rep. No. 95–595, at 126 (1977), reprinted in, 1978 U.S.C.C.A.N. 5963, 6087.

■ Section 522(c) limits the protection afforded under section 522(b) by excluding any debt secured by a lien on the otherwise exempt property, unless the debtor successfully moves before the bankruptcy court to avoid the lien. *See* 11 U.S.C. § 522(c). Section 522(f) sets forth the standard for granting a motion to avoid such a lien. It provides in relevant part that

the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien. . . .

11 U.S.C. § 522(f)(1).

In addition, section 522(f) also provides that a lien will be found to "impair" an exemption where

the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value of that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Section 522(f) does not, however, allow a Chapter 7 debtor to avoid every lien satisfying these limitations. Rather, section 522(f)(1)(A) expressly disallows the avoidance of any lien that secures a debt to a spouse or former spouse for maintenance, alimony, or support "in connection with a separation agreement, divorce decree or other order of a court of record." *See* 11 U.S.C. § 522(f)(1)(A). Whether an award to a spouse or former spouse by a state court is, such a debt is an issue of fact to be decided by the bankruptcy court under federal bankruptcy law, with appropriate reference to the state law under which the award was made and to the state court's characterization of the award. *See Forsdick v. Turgeon,* 812 F.2d 801, 802–803 (2d Cir.1987).

■ Thus, on the instant appeal, Mr. Taylor is entitled to an order avoiding the judicial liens at issue only if

(1) the liens restrain property in which Mr. Taylor has an interest;

(2) the liens restrain property that is otherwise exempt;

(3) the liens impair the exemption; and

(4) the liens do not secure a debt to Ms. Taylor for maintenance, alimony or support.

The bankruptcy court below did not make specific findings regarding the second, third, or fourth of these limitations. Rather, the court below apparently rested its denial of Mr. Taylor's motion solely upon its conclusion that Ms. Taylor's interest in the restrained property vested on the date of Justice Diamond's oral decision from the

bench, thus rendering the sums awarded the property of Ms. Taylor. The bankruptcy court concluded that, because he had no interest in the restrained property, Mr. Taylor was not entitled to avoidance of the liens.

■ As an initial matter, the Court agrees that Ms. Taylor enjoys a vested right in the specific sums awarded by Justice Diamond such that these sums cannot be considered property of Mr. Taylor's bankruptcy estate. *See, e.g., In re Gomez*, 206 B.R. 663 (Bankr.E.D.N.Y.1997); *In re Potter*, 159 B.R. 672 (Bankr.N.D.N.Y. 1993); *McDermott v. McDermott*, 119 A.D.2d 370, 507 N.Y.S.2d 390, 397 (2d Dept.1986). This Court has found no New York case authority supporting Mr. Taylor's strained argument that the oral decision of Justice Diamond itself could confer no rights upon Ms. Taylor and that Ms. Taylor's rights could not vest before formal entry by the court of a final judgment memorializing the oral decision. In the absence of any such precedent, this Court doubts that the New York courts would in fact adopt such a formalistic approach ripe with opportunities for abuse and for frustration of the courts' orders. Furthermore, assuming, *arguendo*, that Mr. Taylor is correct that under New York law Ms. Taylor's property rights would vest only upon the formal entry of the final decree of divorce, it is well established under federal bankruptcy law that such ministerial acts as the entry of final judg-ment will be accorded their full effect even if the debtor's filing of the bankruptcy petition has already triggered the automatic stay. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527–28 (2d Cir. 1994). Any other rule would encourage and reward a race to the courthouse and abuse by debtors of the Bankruptcy's Code automatic stay. *See* 11 U.S.C. § 362.

■ However, the bankruptcy court's conclusion that the sums awarded Ms. Taylor from Mr. Taylor's retirement account are her property and are not part of the bankruptcy estate does not resolve Mr. Taylor's motion to vacate the judicial liens restraining the retirement accounts. The liens at issue restrain the entire amount in each account and are not limited to the amounts awarded to Ms. Taylor. Thus, the liens clearly restrain property in which Mr. Taylor has an interest within the meaning of section 522(f), and the bankruptcy court should have considered whether to avoid in part the liens to the extent necessary to remove any restraint upon Mr. Taylor's remaining interest. The Bankruptcy Court did not rule whether Mr. Taylor's interest in the funds in these accounts is exempt, whether the liens impair any such exemption, or whether the liens secure a debt to Ms. Taylor for maintenance, alimony, or support. As the Record on appeal is insufficient on these issues, the Court must remand this case to the bankruptcy court for further findings.*

---

* Mr. Taylor further argues that the bankruptcy court erred by lifting *sua sponte* the automatic stay without allowing him the opportunity to be heard in opposition. The bankruptcy court lifted the stay only with respect to Ms. Taylor's support claims against Mr. Taylor, *see* Decision at 6; 216 B.R. at 370, which are in any event expressly excluded by statute from the scope of the automatic stay. *See* 11 U.S.C. § 362(b). Thus, the bankruptcy court's "lifting" of the automatic stay in no way prejudiced any rights of Mr. Taylor, for Ms. Taylor clearly could have proceeded with litigation respecting Mr. Taylor's support obligations even if the bankruptcy court had not lifted the stay.

Both Mr. Taylor and Ms. Taylor have focused their arguments upon Justice Dia-mond's post-petition ruling that the amounts awarded to Ms. Taylor pre-petition constituted an award of support and maintenance rather than an equitable distribution of the marital property. Mr. Taylor argues that Justice Diamond's subsequent ruling violated the automatic stay and should not be considered by the bankruptcy court. The further proceedings before Justice Diamond were clearly within the exception to the automatic stay for an action to establish or modify a support award. *See* 11 U.S.C. § 362(b)(2). However, Justice Diamond's apparent effort to protect Ms. Taylor's award from the consequences of Mr. Taylor's bankruptcy obviously cannot dictate the result in this case. No matter how the state court has characterized an award, the bankruptcy court on remand must make

## CONCLUSION

For the foregoing reasons, the Court reverses the decision and order of the bankruptcy court and remands the case for further proceedings consistent with this Memorandum Opinion and Order.

It is **SO ORDERED**.

its own finding whether the award is actually an award for maintenance and support. *See* *In re Brody (Brody v. Brody)*, 3 F.3d 35, 38 (2d Cir.1993).